IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-02-CR-0246-G |
| | § | NO. 3-05-CV-1119-G |
| CLARENCE WAYNE ROBINSON | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Clarence Wayne Robinson, appearing *pro se*, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be denied.

I.

Defendant was convicted of: (1) possession with intent to distribute in excess of four grams of cocaine base in violation of 21 U.S.C. § 841(a)(1); (2) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A); and (3) possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) & 924(e). Punishment was assessed at a total of 322 months confinement followed by supervised release for a period of five years. His conviction and sentence were affirmed on direct appeal. *United States v. Robinson*, 87 Fed.Appx. 380, 2004 WL 304115 (5th Cir. Feb. 17, 2004), *cert. denied*, 124 S.Ct. 2894 (2004). Defendant now seeks post-conviction relief under 28 U.S.C. § 2255.

II.

In two related grounds, defendant contends that he received ineffective assistance of counsel and the indictment was defective.

A.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). To prevail on an ineffective assistance of counsel claim, a defendant must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *Id.*, 104 S.Ct. at 2064. The Fifth Circuit has described that standard as "requiring that counsel research relevant facts and law, or make an informed decision that certain avenues will not be fruitful." *United States v. Herrera*, 412 F.3d 577, 580 (5th Cir. 2005), *quoting United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003). Second, the defendant must prove that he was prejudiced by his attorney's substandard performance. *Strickland*, 104 S.Ct. at 2067. Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 2068; *see also Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993) (defendant must show that trial result was unreliable or proceeding fundamentally unfair due to deficient performance of counsel). There is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *See Romero v. Lynaugh*, 884 F.2d 871, 876 (5th Cir. 1989), *cert. denied*, 110 S.Ct. 1311 (1990). In order to obtain federal habeas relief, a defendant must affirmatively show how the actions of his attorney deprived him of a fair trial. *See Czere v. Butler*, 833 F.2d 59, 63-64 (5th Cir. 1987).

B.

Defendant generally alleges that his attorney ignored "numerous requests for information," did not "fully explain the advantages of accepting a plea agreement," and failed to "conduct or

perform a thorough investigation of the charges against the petitioner and interview potential witnesses for the prosecution." (Def. Mem. Br. at 3-4). However, no facts are alleged to support any of these assertions. In particular, defendant fails to specify the information he requested from his attorney that was not provided or the perceived advantages of accepting a plea offer. Nor has defendant identified any witnesses who were not interviewed by counsel or alleged with specificity what further investigation would have revealed and how it would have altered the outcome of the trial. *See Lockett v. Anderson*, 230 F.3d 695, 713 (5th Cir. 2000). His conclusory allegations do not merit habeas relief. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir.), *cert. denied*, 121 S.Ct. 122 (2000).

Defendant also criticizes his attorney for failing to object to that portion of the indictment charging him with possession of a firearm during a drug trafficking crime. Relying on *Castillo v. United States*, 530 U.S. 120, 120 S.Ct. 2090, 147 L.Ed.2d 94 (2000), defendant maintains that the indictment was defective because it did not allege the specific weapon used in the offense. The issue presented in *Castillo* was whether statutory references to specific firearm types in the 1988 version of section 924(c)(1) define a separate crime or simply authorize an enhanced penalty.[1] A unanimous Supreme Court held that the statute prohibiting the use or carrying of a firearm in relation to a crime of violence or a drug trafficking crime, which increases the penalty from five to 30 years when the weapon used or carried is a "machinegun," defines a separate, aggravated crime. Therefore, a jury,

---

[1] The prior version of section 924(c)(1) provided, in relevant part:

> Whoever, during and in relation to any crime of violence or drug trafficking crime . . ., uses or carries a firearm, shall, in addition to the punishment provided for such crime . . ., be sentenced to imprisonment for five years, . . . and if the firearm is a machinegun, or a destructive device, or is equipped with a firearm silencer or firearm muffler, to imprisonment for thirty years.

18 U.S.C. § 924(c)(1) (1988).

not a judge, must determine that the weapon used or carried was a "machinegun." *Castillo*, 120 S.Ct. at 2096. Unlike *Castillo*, defendant was charged under the 2002 version of section 924(c)(1), which does not specify any particular type of firearm.[2] Defendant did not receive an enhanced sentence for violating this statute. Instead, he was sentenced to five years confinement--the statutory minimum punishment. Because the indictment tracked the language of section 924(c)(1) and alleged the essential elements of the offense, it was not defective and there was no basis for counsel to object. These grounds for relief should be overruled.

## RECOMMENDATION

Defendant's motion to correct, vacate, or set aside his sentence should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[2] The 2002 version of section 924(c)(1) provides, in relevant part:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . . be sentenced to a term of imprisonment of not less than 5 years[.]

18 U.S.C. § 924(c)(1)(A)(i) (2000). The enhanced punishments for possession or use of specific types of firearms, such as machineguns, are now found in 18 U.S.C. § 924(c)(1)(B). Defendant was neither charged nor convicted of an offense under section 924(c)(1)(B).

DATED: August 25, 2005.

                                                JEFF KAPLAN
                                                UNITED STATES MAGISTRATE JUDGE